JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-1578-RGK (FFMx) | Date | November 10, 2011 |
|---|---|---|---|
| Title | KRUSZKA, et al v. TOYOTA MOTOR CORP., et al | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Sharon L. Williams | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:**   (IN CHAMBERS) Order Re: Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction (DE 63)

On February 23, 2011, Neal Kruszka ("Plaintiff"), a resident of Wisconsin, filed an action against Toyota Motor Corporation, Toyota Motor Sales USA, Inc., Toyota Motor North America, and Lexus alleging the following state law claims: (1) violation of the California Consumer Legal Remedies Act ("CLRA"); (2) violation of California's Unfair Competition Law ("UCL") - Unlawful Business Practices; (3) violation fo UCL - Unfair Business Practices; (4) breach of implied contract; and (5) breach of express warranty. On May 27, 2011, Plaintiff filed a First Amended Complaint ("FAC") against only Toyota Motor Sales USA, Inc. ("Toyota" or "Defendant"), a California corporation with its principal place of business in California.

On August 24, 2011, pursuant to a Motion to Dismiss, the Court dismissed Claims 1, 2, and 4. Only Claim 3 (Unfair Business Practices) and Claim 5 (Breach of Express Warranty) survived.

Plaintiff originally filed his case as a class action, asserted federal jurisdiction under CAFA. On August 2, 2011, the Court denied Plaintiff's Motion for Class Certification. Defendant now seeks dismissal of the action on the ground that Plaintiff's claims do not meet the amount in controversy requirement.

The Ninth Circuit has stated that, when there is proper federal jurisdiction over an action pursuant CAFA, continued jurisdiction under § 1332(d) does not depend on certification. *United Steel v. Shell Oil Co.*, 602 F.3d 1087, 1092 (9th Cir. 2010). However, in the same case, the Ninth Circuit also stated that there are "exceptions to the general rule . . . such as when a case becomes moot in the course of litigation or when there was no jurisdiction to begin with because the jurisdictional allegations were frivolous from the start." *Id.* at 1092 n.3 (internal citations omitted).

      Looking to the record, the Court finds that this case meets the exception articulated by the Ninth Circuit. Upon consideration of Plaintiff's motion for class certification, the Court found that Plaintiff's claim did not even satisfy the commonality factor, one of the broadest measures of class sufficiency. (*See* Docket Entry 54, Order Re: Plaintiff's Motion for Class Certification, p. 3.) In reaching this conclusion, the Court found that Plaintiff failed to set forth any competent evidence[1] that members of the proposed class suffered the same injury. *Id.* For all intents and purposes, the class allegations amount to nothing more than a fishing expedition. As such, the Court finds that federal jurisdiction never existed, as Plaintiff's jurisdictional allegations were frivolous from the start. In this case, to find jurisdiction under the general rule articulated by *Union Steel* would allow plaintiffs to circumvent long-standing jurisdictional principles by frivolously filing individual actions under the guise of CAFA class actions.

      Based on the foregoing, the Court **grants** Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction.

**IT IS SO ORDERED.**

|  | : |
|---|---|
| Initials of Preparer | slw |

---

[1] Plaintiff's motion failed to offer any evidence regarding his class allegations. By way of his Reply, Plaintiff attached eight declarations from purported class members. However, the declarations were nearly identical to Plaintiff's, and more significantly, were not sworn declarations or signed under the penalty of perjury.